IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TIMOTHY ROBERTSON,             )
                               )
            Plaintiff,         )
                               )
     v.                        )   No. 06 C 1162
                               )
OFFICERS PATRICIA QUICK, et al., )
                               )
            Defendants.        )

MEMORANDUM ORDER

On December 9, 2005 this Court issued a memorandum order dismissing the then-filed pro se 42 U.S.C. §1983 ("Section 1983") Complaint by Timothy Robertson ("Robertson") in Case No. 05 C 6814 because he had failed to comply with the statutory precondition to prisoner litigation set out in 42 U.S.C. §1997e(a): the need to exhaust all available administrative remedies. Now Robertson has filed this action against two different defendants--Lake County Jail ("County Jail") Officers Patricia Quick and Antwone Mayes--on the basis that his claim against them has been administratively exhausted. This Court will give Robertson the benefit of any doubt in that respect, especially in light of some recent Court of Appeals opinions that take a somewhat generous view of the exhaustion requirement.

With that said, this Court turns to Robertson's In Forma Pauperis Application ("Application") and its attached printout covering the transactions in his trust fund account at the County Jail. That printout reflects average monthly deposits during the

period that began September 1, 2005 (see 28 U.S.C. §1915(a)(2)[1]) to have amounted to $233.90. And that being so, the Application is granted to the extent that Robertson is not required to <u>prepay</u> the entire $250 filing fee (see Section 1915(a)(1)), but he must instead pay that entire fee in future installments (see Section 1915(b)(1)), with the initial partial filing fee of $46.78 to be paid on account (<u>id</u>.).

Accordingly, the County Jail trust fund officer is ordered to collect that partial filing fee from Robertson's trust fund account there and to pay it directly to the Clerk of Court ("Clerk"):

> Office of the Clerk
> United States District Court
> 219 South Dearborn Street
> Chicago IL 60604
>
> Attention: Fiscal Department

After such payment the trust fund officer at the County Jail (or at any other correctional facility where Robertson may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $250 filing fee is paid. Both the initial payment and all future

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

payments shall clearly identify Robertson's name and the 06 C 1162 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the County Jail trust fund officer.

With those preliminaries out of the way, this order turns to Robertson's substantive allegations. In that respect he poses a bizarre claim that begins conventionally enough with the allegation that the two defendant officers were aware of an existing order that Robertson and fellow inmate W. Bryant ("Bryant") were to be kept separate but, despite that, allowed them to be in the jail library at the same time. Typically the claims of prisoner plaintiffs in such situations assert that such inattentiveness of jail or prisoner personnel resulted in physical injury to themselves, such as to be actionable on grounds of deliberate indifference triggering Estelle v. Gamble type claims. But here Robertson says that it was Bryant who was physically hurt by Robertson, not the other way around—Robertson's only asserted "injury" was that he "was charged and later convicted for aggravated battery"!

No constitutional right known to this Court is implicated by that allegation. Indeed, Robertson's claim brings to mind the notorious (to those of a certain age) case of William Heirens, who has been incarcerated in the Illinois state court system for many years on multiple murder charges. No viewpoint is expressed

3

here as to Heirens' guilt of the charged murders (he continues to maintain his innocence), but one of the most sensational aspects of those crimes was that the killer left behind, scrawled on the mirror with lipstick, the statement "Stop me before I kill again." Robertson cannot thrust onto the defendant officers, in constitutional terms, the responsibility for his own actions--for not having stopped him before he injured Bryan.

In sum, this Court holds that Robertson's claim is frivolous in the legal sense defined by Neitzke v. Williams, 490 U.S. 319, 325 (1989) and refined by Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). Both the Complaint and this action are dismissed, a dismissal that does not excuse Robertson from payment of the full filing fee in future installments, as provided earlier.

                                                Milton I. Shadur
                                                Senior United States District Judge

Date: March 8, 2006